IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>        Plaintiff,<br><br>   vs.<br><br>RITA HERRERA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 12-0403 LJO MJS<br><br>**ORDER TO REMAND UNLAWFUL DETAINER ACTION**<br><br>(Doc. 1.) |

## INTRODUCTION

Pro se defendants Rita Herrera and Sandra Rangel (collectively "defendants") filed papers to attempt to remove an unlawful detainer action brought against them by plaintiff Federal Home Loan Mortgage ("plaintiff") in Stanislaus County Superior Court. This Court lacks subject matter jurisdiction over the unlawful detainer action to warrant remand to the Stanislaus County Superior Court.

## DISCUSSION

### Removal

28 U.S.C. § 1441(a) empowers a defendant to remove an action to federal court if the district court has original jurisdiction. *Catepillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). The removal statute provides:

   Except otherwise expressly provided by Act of Congress, any civil action

1

1    brought in a State court of which the district courts of the United States have original
2    jurisdiction, may be removed by the defendant or defendants, to the district court of the
     United States for the district and division embracing the place where such action is
3    pending.

4  28 U.S.C. § 1441(a).

5    A removing party must file a notice of removal of a civil action within 30 days of receipt of a

6  copy of the initial pleading. 28 U.S.C. § 1446(b). Removal statutes are strictly construed with doubts

7  resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.

8  1992). The removing party bears the burden to prove propriety of removal. *Abrego v. Dow Chem. Co.*,

9  443 F.3d 676, 683-685 (9th Cir. 2006); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also*

10 *Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("the burden of establishing

11 federal jurisdiction falls to the party invoking the statute"). A district court may remand an action to

12 state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. §

13 1447(c).

14   Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (federal question) or 28 U.S.C.

15 1332(a) (diversity).

**Federal Question Jurisdiction**

17   Defendants' papers fail to establish a federal question to invoke this Court's subject matter

18 jurisdiction.

19   District courts have "original jurisdiction of all civil actions arising under the Constitution, laws,

20 or treaties of the United States." 28 U.S.C. § 1331.

21   Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,'

22 which provides that federal jurisdiction exists only when a federal question is presented on the face of

23 plaintiff's properly pleaded complaint." *Catepillar*, 482 U.S. at 392. To invoke federal question

24 jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2)

25 plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

26 *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100

27 (9th Cir. 2008).

28   Plaintiff's state court complaint seeks unlawful detainer relief, which arises under state law. *See*

*Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. 2011) ("Unlawful detainer actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at * 2 (C.D. Cal. 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law").  An unlawful detainer plaintiff is entitled to judgement after establishing that the property at issue sold in compliance with California Civil Code section 2924 and that the requisite three-day notice to quit was served on defendant as required by California Code of Civil Procedure section 1161.  *See Litton Loan Servicing, L.P. v. Villegas*, U.S. Dist. LEXIS 8018, at *5 (N.D. Cal. 2011) (citing *Evans v. Superior Court*, 67 Cal.App.3d 162, 168 (1977).  Defendants' papers fail to challenge the state-law roots of plaintiff's unlawful detainer action.  Defendants fail to invoke federal question jurisdiction despite his papers' reference to federal statutes.

**Diversity Jurisdiction**

28 U.S.C. § 1332(a) establishes diversity of citizenship jurisdiction and provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between –
>
> (1) citizens of different States . . .

To invoke diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000.  28 U.S.C. § 1332(a).  In an unlawful detainer action, "the right to possession alone [is] involved – not title to the property."  *Litton*, 2011 U.S. Dist. LEXIS 8081, at *6-7.  A defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996).

Plaintiff's unlawful detainer complaint seeks nowhere near $75,000.  The amount in controversy fails to establish diversity jurisdiction.

**CONCLUSION AND ORDER**

For the reasons discussed above, defendants' papers fail to invoke this Court's subject matter jurisdiction.  As such, this Court:

1. REMANDS this action to the Stanislaus County Superior Court; and

2. DIRECTS the clerk to take necessary action to remand this action to the Stanislaus

3

County Superior Court and to close this action.

IT IS SO ORDERED.

Dated:   **March 20, 2012**                              /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE